1:23-mc-304-BLW

U.S. COURTS

NOV 24 2023

Rcvd_____Filed_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. 21-110-M-DLC-KLD** |
| Plaintiff, | |
| | **DEFENDANT'S MOTION TO** |
| v. | **COMPEL, FOR WILLFUL** |
| | **DEFIANCE OF SUBPOENA TO** |
| SCOTT RHODES, | **PRODUCE DOCUMENTS;** |
| | **REQUEST FOR SANCTIONS** |
| Defendant. | |

## INTRODUCTION

Pursuant to FRCP 45, Defendant in the case moves this Court for an Order to Compel against Benjamin Likens Olson, of Sandpoint ID, Plaintiff's cooperative witness who has willfully defied a duly authorized and served subpoena from a Federal District Court to produce documents to the Defense. Additionally, Defense seeks sanctions to deter future defiance of requirements of the Federal Court in this matter which is still ongoing, such as financial penalty and/or a custody sentence as the Court sees fit to impose.

## BACKGROUND

September 27, 2021. Plaintiff filed a Complaint for Recovery of Civil Monetary Forfeiture which named Ben Olson as an integral figure of their Complaint. (Doc. 1)

March 21, 2023. Plaintiff served Initial Disclosures which formally named Ben Olson as their voluntary (non-subpoenaed) witness.[1]

April 17, 2023. Olson voluntarily supplied Plaintiff with a signed Declaration, 3 pages, with a narrative citing multiple claims of disputed fact Olson believed relative to the Complaint.

April 20, 2023. Judge issued a Scheduling Order setting a deadline for discovery of December 15, 2023. (Doc. 51)

---

[1] Ex. A, Excerpt of Plaintiff's Initial Disclosures.

May 16, 2023. Plaintiff produced discovery which contained a record of multiple instances of regular correspondence between Plaintiff and Olson on this matter going back as far as January 2020 and continuing until shortly before the time of that particular round of production, namely March 2023.

July 2023. Plaintiff produced more discovery including multiple instances of Olson's email correspondence and other documents going back as far as 2018, all supplied to Plaintiff voluntarily (non-subpoenaed) by Olson as relevant to the Plaintiff's Complaint.

This included a multipage document authored by Olson, which he dated March 3, 2020 in which he wrote that he had discussions with individuals, whom Defense contends contain content either potentially exculpatory or that will lead to same, and including at least one (but presumably more) audio recording he made of one such, which he said he had and could turn over to Plaintiff.

September 5, 2023. Plaintiff's cooperative witness Benjamin Likens Olson was served a duly authorized subpoena in Sandpoint, ID for production of documents to the Defense by September 26, 2023. (Ex. B)

Same day, Olson emailed Plaintiff about having been served the subpoena and Plaintiff and Olson agreed to have a subsequent phone call. (Ex. C)

September 22, 2023. Olson relative Wendy Olson of Boise ID law firm Stoel Rives LLP sends letter sixteen (16) days after the date of service, requesting

Defense withdraw the subpoena for which the deadline is September 26, 2023. (Ex. D) No such withdrawal is made.

September 26, 2023. No documents have been delivered to the requested address any time since Sept. 5, 2023, and on this deadline day, Olson fails to show at the appointed time and place to make the legally required document production.

October 3, 2023. Defense sends letter to Wendy Olson giving another 10 days for document production or the Court will be appealed to in the matter for an Order to Compel and sanctions of her relative as appropriate. (Ex. E)

Nothing further was received from Plaintiff's cooperative witness Ben Olson or his lawyer relative Wendy Olson or her employer Stoel Rives LLP.

## LEGAL STANDARD

FRCP 26(b)(1), the Defense is entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Under the Federal Rules, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).

FRCP 45(a)(1)(D) "A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials."

3

FRCP 45(d)(2)(B)(i) "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."

FRCP 45(g) "The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

*In re Grand Jury Proceedings*, 280 F.3d 1103, 1107 (7th Cir. 2002) held that the individual which had been shown willfully failing to supply the subpoenaed documents was found in civil contempt and sentenced to six (6) months in custody and a fine of $1,500 per day for every day of continued noncompliance.

See also *Int'l Bhd. of Elec. Workers, Local 474 v. Eagle Elec. Co.*, 2007 WL 622504, at *1 (W.D. Tenn. Feb. 22, 2007); *Painewebber, Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002); *Forum Ins. Co. v. Keller*, 1992 WL 297580, at *3 (S.D.N.Y. Oct. 8, 1992)).

## ARGUMENT

Discovery produced by Plaintiff has shown Olson to be an eager participant in Plaintiff's Complaint due to his nursing of a vendetta against the Defendant, with whom, discovery has shown, Olson has an obsession. The discovery shows Olson has initiated contact multiple times with the Plaintiff, as far back as 2018, up to the present, to encourage Plaintiff's pursuit of its Complaint, and to offer his

involvement to try and impose punishment, with legal punishment being something

Olson has tried to pursue himself more than once, only to find each time he had no

legal cause to do so, as revealed in that very same voluntary discovery.

Olson has engaged in multiple rounds of voluntarily supplying Plaintiff with

records of his correspondence, claims and narrative accounts, and documents.

However, Plaintiff has never subpoenaed Olson in this matter, such that Olson

ostensibly supplies only that which he believes detrimental to the Defense, while

withholding that which is either exculpatory itself, or could lead Defense to such,

and is presumably part of a tacit agreement with the Plaintiff to keep it that way.

Olson was properly served a subpoena for production of records to the

Defense, which was much narrower than it could have been, much narrower than

the wide range topics about which Olson would be obligated to answer questions

during a deposition the Defense is allowed. It was kept relevant to items, topics,

and individuals Olson himself voluntary chose and then sent to the Plaintiff as

relevant to pursuing its Complaint, that which will impeach his expected testimony

indicated by his written narrative account, and that which would show Olson

committed perjury in his voluntary sworn Declaration to the Plaintiff, or lead to

that which will.

Arguments by Olson's relative Wendy Olson in her letter of Sept. 22, 2023

should be seen as obviously spurious, but regardless, they were untimely since her

letter was outside the 14-day window required by FRCP 45(d)(2)(B) for the subpoena served Sept. 5, 2023.

Per FRCP 45, Olson was given a reasonable time to comply, anytime from February 5 to February 26, 2023, and which required no travel, did not seek privileged information or other protected matter, and presented no demonstrable undue burden.

Yet, Olson willfully defied the subpoena in its entirety, and as Defense has indicated herein, likely for the purpose of subverting justice in the matter for reasons of his own demonstrable personal obsession and/or to avoid being caught having committed perjury in his voluntarily given sworn declaration. Further, Olson did so after communicating with the Plaintiff about having been served the subpoena, on the same day it was successfully served on him personally at his place of business.

## CONCLUSION

It has been made clear that Plaintiff's cooperative witness Ben Olson will not comply with duly authorized processes emanating from the District Court when he perceives them as contrary to his interests and desires. For that reason, and especially that the matter and Olson's involvement in it are still ongoing, Defense asks Court for repercussions serious enough to prevent a recurrence of such open defiance requiring yet another round of appeals to the Court.

6

DATED this 16th day of November, 2023

Respectfully submitted,

SCOTT RHODES

By: *s/Scott Rhodes*
Pro Se Defendant

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(a), the attached Motion to Compel and Request for Sanctions is proportionately spaced, has a typeface of 14 points, and is 6 pages or 1,292 words in length, excluding caption and certificates.

DATED this 16th day of November, 2023

By: */s/Scott Rhodes*
Pro Se Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November 2023, a copy of the foregoing

document was served on the following persons by the following means.

\___ CM/ECF

\_1_ U.S. Mail

\___ Overnight Delivery Service

\_2,3_ Email

1. Clerk of Court
Federal Court, District of Idaho
James A. McClure Federal Building and United States Courthouse
550 W. Fort St.
Boise, ID 83724

2. Wendy Olson
101 S Capitol Blvd, Ste 1900
Boise ID 83702
wendy.olson@stoel.com

3. Michael J. Wadden
Attorney for Plaintiff
Michael.J.Wadden@usdoj.gov

By: *s/Scott Rhodes*
Pro Se Defendant