UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT RHODES,<br><br>Defendant. | Case No. 1:23-mc-00304-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Scott Rhodes' Motion to Compel (Dkt. 1) and Motion to Amend Pleading of Reply (Dkt. 4). For the reasons explained below, the Court will deny both motions.

## BACKGROUND

Following administrative proceedings in January of 2021, the Federal Communications Commission (FCC) issued a Forfeiture Order imposing a $9,918,000 penalty on Scott Rhodes for 4,959 violations of the Truth in Caller ID Act, 47 U.S.C. § 227(e)(1). The penalty was based on the FCC's finding that Mr. Rhodes made a series of spoofed robocalls on five separate occasions in 2018.

In one campaign, Mr. Rhodes allegedly made robocalls in Sandpoint, Idaho, about Ben Olson. Mr. Olson is a reporter and publisher for a newspaper called the

**MEMORANDUM DECISION AND ORDER - 1**

*Sandpoint Reader*. In January of 2018, the *Sandpoint Reader* published two articles identifying Mr. Rhodes as a "person of interest" in the investigation of racist flyers and phone calls involving "a recording of Adolph Hitler." Dkt. 2-2 at 3, Ex. 2. According to the Department of Justice, Mr. Rhodes' purpose in making spoof calls about Mr. Olson was to retaliate for Mr. Olson's reporting with the *Sandpoint Reader*. *Olson's Memo. in Opp.* at 12, Dkt. 2.

In September of 2021, pursuant to 47 U.S.C. § 504(a), the United States brought an action in the District of Montana (the "Montana Case") to enforce the FCC's Forfeiture Order. *See United States v. Rhodes*, No. CV 21-110-M-DLC-KLD. On February 20, 2024, that court granted the United States' motion for partial summary judgment. *See Notice of Supp. Auth.*, Dkt. 6.[1] The court found that Mr. Rhodes "(1) caused misleading or inaccurate caller IDs to be displayed during the 4,959 calls identified in the Forfeiture Order and Complaint; (2) did so while knowing the caller IDs were misleading or inaccurate; and (3) did so with the intent to cause harm and/or wrongfully obtain something of value." *Id.* at 23.

In cooperation with the United States in the Montana Case, Mr. Olson provided a written declaration and related materials documenting his encounters

---

[1] The Court hereby takes judicial notice under Federal Rule of Evidence 201 of the February 20, 2024, Order entered in the District of Montana in *United States of America v. Scott Rhodes*, CV-21-110-M-DLC, Dkt. 104.

**MEMORANDUM DECISION AND ORDER - 2**

with Mr. Rhodes. During discovery, the United States provided Mr. Olson's

declaration to Mr. Rhodes, but it did not provide Mr. Rhodes with all the

accompanying documentation.

On September 5, 2023, Mr. Rhodes served a subpoena on Mr. Olson

requesting production of eighteen categories of documents. Dkt. 1-2, Ex. B. Mr.

Olson's attorney responded seventeen days later with a letter objecting to the

subpoena on relevance grounds and asking Mr. Rhodes withdraw the subpoena.

Dkt. 1-4, Ex. D. In a reply letter dated October 3, 2023, Mr. Rhodes reiterated his

demand and threatened that, if production was not made within ten days, he would

have Mr. Olson held in contempt, and seek imposition of a "monetary penalty,"

"attorney's fees," and "potential jail time." Dkt. 1-5, Ex. E. On October 11, 2023,

Mr. Olson's attorney responded with a more in-depth explanation of Mr. Olson's

objections and invited Mr. Rhodes to engage in further discussions. Dkt. 2-11, Ex.

B.

Instead, Mr. Rhodes filed a Motion to Compel (Dkt. 1) in this Court,

accusing Mr. Olson of "willfully def[ying] the subpoena . . . for the purpose of

subverting justice[.]" Mr. Olson filed a response on December 18, 2023, and Mr.

Rhodes replied on December 29, 2023. Dkts. 2 & 3.

On January 8, 2024, Mr. Rhodes filed a Motion To Amend Pleading Of

Reply In Support Of Motion To Compel And Request For Sanctions Per FRCP

15(a)(1). Dkt. 4. He explained that "additional relevant evidence" was "only yesterday produced by Plaintiff[.]" Mr. Olson responded on January 29, 2024, asking the Court to deny the Motion to Amend for several reasons. Dkt. 5.

Both motions are fully briefed and ripe for decision. The Court has determined that oral argument would not aid in the decisional process and will therefore resolve the motions on the briefing, alone.

## LEGAL STANDARD

A party may obtain discovery on any "nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). Under Federal Rule of Civil Procedure 45(a)(1)(c), a nonparty may be subpoenaed to produce documents relevant to a civil lawsuit. A document is relevant if it has any tendency to make a material fact more or less probable than it would be without the document. FED. R. EV. 401.

Rule 45(d)(2)(B) allows a person to object to a subpoena. An objection is timely if made in writing before the earlier of (1) the time specified for compliance with the subpoena or (2) fourteen days after the subpoena is served. FED. R. CIV. P. 45(d)(2)(B). When an objection is raised, the requesting party may ask the court to overrule the objection and compel compliance with the subpoena. FED. R. CIV. P. 45(d)(2)(B)(i).

If a nonparty fails to timely and properly object to a subpoena, its objection is generally waived. *BNSF Railway Co. v. Alere, Inc.*, Case No.: 18-CV-291-BEN-WVG, 2018 WL 2267144, at *8 (S.D. Cal. May 17, 2018) (internal citations omitted). However, "'in unusual circumstances and for good cause,' the failure to act timely will not bar consideration of objections to a Rule 45 subpoena." *Twin Falls NSC, LLC v. Southern Idaho Ambulatory Surgery Ctr., LLC*, Case No: 1:19-cv-00009-DCN, 2020 WL 5523384, at *16 (D. Idaho Sept. 14, 2020) (quoting *Yousuf v. Samantar*, 451 F.3d 248, 252 (D.C. Cir. 2006)).

## ANALYSIS

Mr. Rhodes has not shown how the documents he seeks are relevant to any claims or defenses in the Montana Case. Especially in light of the court's February 20, 2024, grant of summary judgment to the United States on the issue of liability. *See Notice of Supp. Auth.*, Dkt. 6. The Court will therefore deny the Motion to Compel (Dkt. 1). Nor has Mr. Rhodes shown why the Court should exercise its inherent authority and allow him to file a supplemental brief. The Court will therefore also deny Mr. Rhodes' Motion to Amend Pleading of Reply (Dkt. 4).

## 1.    The Motion to Compel (Dkt. 1) is not premature.

Mr. Rhodes' motion is not premature because a party does not have to meet and confer with a nonparty before seeking to enforce a subpoena under Rule 45.

Mr. Olson correctly notes that Mr. Rhodes has not conferred within the meaning of Federal Rule of Civil Procedure 37(a)(1), but Rule 37 does not govern here.

Mr. Rhodes seeks to compel a nonparty to respond to a subpoena. His motion therefore falls under Rule 45, which governs subpoenas, not Rule 37(a)(1), which governs other kinds of discovery requests. Rule 45 provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection" under a subpoena. FED. R. CIV. P. 45(d)(2)(B)(i). As federal courts have consistently recognized, Rule 45 does not parallel Rule 37(a)(1) in requiring a party to meet and confer with a nonparty before filing a motion to compel compliance with a subpoena. *See Housemaster SPV LLC v. Burke*, Civil Action No. 21-13411 (MAS), 2022 WL 17904254, at *7 (D.N.J. Dec. 23, 2022) (collecting cases).

All the same, the Court strongly encourages litigants to meet and confer in good faith whenever discovery disputes arise, even where Rule 37(a)(1) does not apply. Good faith discussions among parties and attorneys are critical to avoiding unnecessary judicial intervention, conserving judicial resources, and promoting the speedy and inexpensive determination of every action. FED. R. CIV. P. 1.

**2.      Mr. Olson did not waive his objections by raising them three days late.**

Mr. Olson raised his objections to the subpoena three days late, but the Court finds good cause to excuse that short delay. Rule 45(d)(2)(B) allows a person to object to a subpoena either before compliance is due or within fourteen days after the subpoena is served, whichever is earlier. Mr. Olson was served with the subpoena on September 5, 2023, and his responses were due September 26, 2023. Mr. Olson therefore had until September 19, 2023, to raise objections under Rule 45(d)(2)(B). But he did not do so until September 22, 2023.

As explained below, Mr. Rhodes has not demonstrated that any of the eighteen categories of documents he seeks are relevant to the Montana Case. Moreover, the accusatory and dogmatic tenor of Mr. Rhodes' motion and communications with Mr. Olson's attorney support Mr. Olson's claim that the subpoena was intended, at least in part, as retaliation for Mr. Olson's cooperation with the United States in the Montana Case.

The Court finds good cause under the circumstances to excuse Mr. Olson's short delay in objecting to the subpoena.

## 3.     The requested documents are not relevant to any claims or defenses in the Montana Case.

Mr. Rhodes seeks eighteen categories of documents. Mr. Olson objects that those documents are not relevant to any claims or defenses in the Montana Case. Mr. Rhodes responds that they are relevant to his alleged "intent to cause harm," which is an element of the United States' claim in that case. However, beyond

**MEMORANDUM DECISION AND ORDER - 7**

making that broad statement, Mr. Rhodes has not explained *how* the requested documents are relevant to his intent. And in any case, the February 20, 2024, grant of summary judgment on the issue of liability in the Montana Case appears to resolve the issue of intent.

At the outset, the first three categories of documents that Mr. Rhodes requests are plainly irrelevant. By way of background, Mr. Olson explains that he learned in February and August of 2019 that others had received emails with links to online videos containing allegations that Mr. Olson was being investigated for possessing child pornography. *B. Olson Decl.* at 9–10, Ex. E. Upon learning of those allegations, Mr. Olson made efforts to have the videos taken down. *Id.* at 10.

Mr. Rhodes requests documents related to those emails, videos, and removal efforts. *See* Dkt. 1-2, Ex. B. He has not explained how any of those documents might bear on any material issue in the Montana Case. The emails and videos containing allegations about Mr. Olson were apparently distributed months after the alleged robocall campaigns that are at issue in the Montana case. The documents sought in Mr. Rhodes' first three requests are simply not relevant.

Nor is it clear how the other documents Mr. Rhodes requests might be relevant. He seeks recordings of all conversations Mr. Olson had about him, including conversations with Mr. Rhodes' landlord, Vance Geisinger. *See* Dkt. 1-2 at (III)(4)–(5). He requests all documents shared with or about Mr. Geisinger. *Id.* at

(III)(6)–(7). He requests all recordings of himself, documents he allegedly

produced, and everything Mr. Olson has written or said about him. *Id.* at (III)(8),

(13), (14), & (17). He also requests documents and recordings of interactions that

took place at particular addresses and with particular people. *Id.* at (III)(9)–(12),

(15)–(16).

Based upon the briefing before this Court and the partial grant of summary

judgment in the Montana Case, none of the documents sought in Mr. Rhodes'

subpoena appear relevant. The Court will therefore deny Mr. Rhodes' Motion to

Compel (Dkt. 1) in its entirety.

## 4. Mr. Rhodes' supplemental brief will not be considered.

Mr. Rhodes seeks to "amend" his reply brief under Rule 15(a)(1). Dkt. 4. As

Mr. Olson points out, Rule 15 only provides for amended and supplemental

"pleadings," but motions and briefs are not pleadings. *See* FED. R. CIV. P. 7; *see*

*also Taylor v. Borders*, CV 18-02488 TJH (AGRx), 2021 WL 9721279, at *1

(C.D. Cal. Nov. 4, 2021) ("Fed R. Civ. P. 7(a) defines pleadings to be complaints;

third-party complaints; and answers to complaints, crossclaims and counterclaims.

Motions and oppositions to motions are not pleadings."). Nevertheless, apart from

Rule 15, the Court has inherent authority to allow a party to file supplemental

briefing. *Id.* at *1. Here, the Court liberally construes Mr. Rhodes' motion as

essentially seeking leave to file a supplemental brief. *See Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016).

Mr. Rhodes filed his original Reply on December 29, 2023. Dkt. 3. On January 3, 2023, he reportedly received an email from the United States confirming that two items he seeks from Mr. Olson have not been produced to the United States by Mr. Olson. Mr. Rhodes believes this development is pertinent to his pending Motion to Compel (Dkt. 1), because it suggests that he has not been provided with all the materials referenced in the narrative statement that Mr. Olson provided the United States.

The Court struggles to understand Mr. Rhodes' position. He appears to argue that the United States' January 3 communication rebuts Mr. Olson's allegation that the subpoena was filed to harass Mr. Olson. *Suppl. Br.* at 2, Dkt. 4. That is, the United States' communication shows that Mr. Rhodes was never provided with the items referenced in Mr. Olson's narrative declaration. But, to the Court's knowledge, Mr. Olson has never claimed that Mr. Rhodes was provided with every material referenced in Mr. Olson's narrative statement. Moreover, as explained above, Mr. Rhodes has not shown that any of the requested materials—including the body camera footage and Mr. Olson's conversation notes—are relevant to any claims or defenses in the Montana Case.

The Court finds no reason to exercise its inherent authority and allow Mr.

Rhodes to file a supplemental brief.

## ORDER

**IT IS ORDERED that:**

1.     Scott Rhodes' Motion to Compel (Dkt. 1) is **DENIED**.

2.     Scott Rhodes' Motion to Amend Reply Brief (Dkt. 4) is **DENIED**.

DATED: March 4, 2024

B. Lynn Winmill
U.S. District Court Judge